# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### *Southern Division*

| | | |
|---|---|---|
| ANTHONY TYRONE BELLAMY, | * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-21-887 |
| | * | |
| ALEXANDER NEVIN GEISE | * | |
| and | * | |
| UNITED SERVICES | * | |
| AUTOMOBILE ASSOCIATION | * | |
| ("USAA"), | | |
| | * | |
| Defendants. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

Plaintiff Anthony Tyrone Bellamy brought this civil action as a *pro se* litigant against Defendants Alexander Nevin Geise and United Services Automobile Association ("USAA") as a result of an automobile accident that occurred on March 9, 2021 in Frederick, Maryland involving an allegedly unsafe vehicle driven by Defendant Geise. ECF No. 1. Pending before the Court are a number of motions including Defendants USAA and Geise's Motions to Dismiss for Failure to State a Claim, or in the Alternative, Motion for More Definitive Statement, ECF Nos. 5 & 6, Plaintiff's Motion for Summary Judgment, ECF No. 9, and Plaintiff's Motion to Strike, ECF No. 10. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Defendants' Motions are granted, and Plaintiff's Motion are denied as moot.

1

## I.  BACKGROUND[1]

Plaintiff's relatively sparse Complaint alleges that, on March 9, 2021, Defendant Geise "was driving a vehicle which caused a collision on 270s/b at MD85" in Frederick, Maryland, and that as a result of the collision, Plaintiff's "property has suffered irreparable damage." ECF No. 1 at 6.[2] Plaintiff seeks damages totaling $138,691.00 for "loss of time, loss of funds and legal fees," in addition to punitive damages because Defendant Geise "was aware [the] vehicle was unsafe while operating." *Id.* at 5, 7. Plaintiff additionally notes that the "matter has yet to be resolved, damages are being charged daily as out of pocket expenses and legal fees continue." *Id.* at 7.[3]

Plaintiff filed suit in this Court on April 7, 2021, ECF No. 1, and on June 25, 2021, Defendants Geise and USAA filed the now pending Motions to Dismiss for Failure to State a Claim, or in the Alternative, Motion for More Definitive Statement, ECF Nos. 5 & 6.[4] On July 6,

---

[1] Unless otherwise stated, the background facts are taken from Plaintiff's Complaint, ECF No. 1, and are presumed to be true. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[3] In addition to attaching a State of Maryland Motor Vehicle Crash Report, ECF No. 1-6, and an Enterprise Rental Agreement and Summary of Charges, ECF No 1-5, Plaintiff also includes several pages of additional documentation with his Complaint, including a "Notice of Intent – Fee Schedule," in which Plaintiff sets forth a "schedule of mandatory fees" to be paid to Plaintiff before "any such business [is] conducted relevant to this schedule," ECF No. 1-3 at 1.

Plaintiff also attaches several "declaratory statements" in which he appears to argue views of dual citizenship such as those espoused by groups like the sovereign citizens and the Moorish Americans as Plaintiff denies that he is a U.S. citizen and claims that he is "a aborigine on North America, a Free North American original inhabitant and designated native North Carolinian national with Cristian faith 'but not a citizen of the United States[,]'" and that he is "NOT a 14th Amendment Federal citizen 'subject to the jurisdiction thereof.'" ECF No. 1-4 at 1–5. *See Gravatt v. United States,* 100 Fed. Cl. 279, 282 (2011) ("So-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings."). Though Plaintiff claims to be a "designated native North Carolinian national," ECF No. 1-4 at 1, Plaintiff also attaches a photocopy of his Maryland driver's license, *see* ECF No. 1-3 at 7–8.

[4] Defendants filed two identical Motions to Dismiss on the docket, ECF Nos. 5 & 6, which the Court analyzes, for the purpose of this Opinion, as one Motion.

2021, Plaintiff filed the additionally pending Motion for Summary Judgment, ECF No. 9, and Motion to Strike, ECF No. 10. On July 19, 2021, Defendants opposed Plaintiff's Motion for Summary Judgment, ECF No. 11, and opposed Plaintiff's Motion to Strike, ECF No. 12.[5] On August 25, 2021, Plaintiff filed a document entitled "Order Amendment," which asks the Court to order judgment on behalf of Plaintiff for a "settlement demand" of $3.284 million dollars, ECF No. 13.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). However, Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. 12-cv-RDB, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). A motion to dismiss under 12(b)(6) "test[s] the adequacy of a complaint." *Prelich v. Med. Res., Inc.*, 813 F. Supp. 2d 654, 660 (D. Md. 2011) (citing *German v. Fox*, 267 F. App'x 231, 233 (4th Cir. 2008)). To overcome a Rule 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In evaluating the sufficiency of the plaintiff's claims, the Court accepts factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Albright v. Olive*r, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). However, the complaint must contain more than "legal

---

[5] Plaintiff's motions contain no supporting facts or argument and will be denied.

3

conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court should not grant a motion to dismiss for failure to state a claim unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (citing *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50 (1989)).

Under Rule 12(e), "a party 'may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.'" *Garner v. Stoney River Legendary Steaks*, No. 14-cv-1574-DKC, 2015 WL 570419, at *1 (D. Md. Feb. 10, 2015) (quoting Fed. R. Civ. P. 12(e)). "Thus, '[w]here a party has enough information to frame an adequate answer, a court should deny the Rule 12(e) motion and avoid delay in maturing the case.'" *Streeter v. SSOE Sys.*, No. 9-cv-01022-WMN, 2009 WL 3211019, at *10 (D. Md. Sept. 29, 2009) (alteration in original) (quoting *Doe v. Bayer Corp.*, 367 F. Supp. 2d 904, 917 (M.D.N.C. 2005)). Rule 12(e) motions "are 'designed to strike at unintelligibility rather than simple want of detail.'" *Garner*, 2015 WL 570419, at *1 (quoting *Seneca One Fin., Inc. v. Structured Asset Funding*, LLC, No. 10-cv-1704-DKC, 2010 WL 4449444, at *2 (D. Md. Nov. 4, 2010)).

## III.  DISCUSSION

In their Motions, Defendants argue that Plaintiff fails "to meet even the[] basic requirements" set forth in Federal Rule of Civil Procedure 8(a)(1) and (2) because Plaintiff fails to identify "with any particularity how he is entitled to relief against either Defendant and only makes conclusory allegations with respect to Defendants." ECF Nos. 5-1 & 6-1 at 2. Defendants alternatively request an order requiring Plaintiff to provide a more definitive statement to correct

the deficiencies in his Complaint. *Id.* at 5.  Indeed, Plaintiff does not specify a cause of action against either Defendant, but his grievance clearly stems from the alleged automobile accident that occurred on March 9, 2021. As discussed herein, deficiencies in Plaintiff's Complaint require dismissal of his case.

Where, as here, plaintiff is a self-represented litigant, the Court is required to liberally construe his complaint, and it will be "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). "[T]he mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so[,]" however "a district court should not assume the role of advocate for the pro se litigant [] and may not rewrite a petition to include claims that were never presented[.]" *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (internal quotations and citations omitted).

Here, Plaintiff's statement of claim, containing only two sentences, is patently inadequate as Plaintiff alleges only that on March 9, 2021, Defendant Geise "was driving a vehicle which caused a collision on 270s/b at MD85," in Frederick Maryland, and provides no additional detail regarding how the accident occurred and, specifically, how Defendants were at fault.[6] ECF No. 1 at 6. Moreover, without any additional facts regarding the alleged automobile accident, Plaintiff's allegation that his unspecified "property ha[s] suffered irreparable damage," ECF No. 1 at 6, such that he is entitled to damages for "loss of time, loss of funds, and legal fees," *id.* at 7, is nothing more than a "bare assertion[] devoid of further factual enhancement," *Nemet Chevrolet, Ltd.*, 591 F.3d at 255. Even liberally construing Plaintiff's Complaint, as is required

---

[6] He does note in his claim for punitive damages that "Mr. Geise was aware vehicle was unsafe while operating," ECF No. 1 at 7, but does not provide details of how the vehicle was unsafe or how that contributed to the accident.

for *pro se* litigants, this Court cannot find that Plaintiff has pled sufficient facts to state "a plausible claim for relief." *See Iqbal*, 556 U.S. at 678.[7]  Thus, his Complaint must be dismissed.[8]

## IV.     CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss for Failure to State a Claim, or in the Alternative, Motion for More Definitive Statement, ECF No. 5 & 6, are granted without prejudice, and Plaintiff's Motion for Summary Judgment, ECF No. 9, and Motion to Strike, ECF No. 10 are denied. A separate Order shall issue.

Date: <u>February 8, 2022</u>                                      <u>      /s/                                      </u>
                                                                              GEORGE J. HAZEL
                                                                              United States District Judge

---

[7] Though Defendant USAA concedes that it "insures the Geise vehicle," ECF Nos. 5-1 & 6-1 at 3, Plaintiff does not mention Defendant USAA at all in the Complaint. *See generally* ECF No. 1.

[8] The Court finds that dismissal without prejudice is warranted, rather than ordering Plaintiff to file a more definitive statement, under Rule 12(e). Plaintiff's Complaint is not unintelligible given that Plaintiff's grievances clearly stem from the alleged automobile accident on March 9, 2021. Rather, the Complaint simply fails to state a claim because Plaintiff's allegations are conclusory and devoid of any factual detail from which the Court can infer that Defendants are responsible for any misconduct. *See Seneca One Fin.*, 2010 WL 4449444, at *2. Plaintiff will be permitted to amend the complaint to add additional details in support of his claim.